UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNA HUDSON,<br><br>       Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>       Defendant. | No. CV-11-0025-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 15, 20. Attorney Maureen J. Rosette represents Shawna Hudson (Plaintiff); Special Assistant United States Attorney Daniel E. Burrows represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and for Supplemental Security Income (SSI) on December 15, 2006. (Tr. 165.) She alleged disability due to manic depression, anxiety, digestive problems, back injury, chronic back pain, and obsessive compulsive disorder with an alleged onset date of November

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

20, 2001. (Tr. 180.) Benefits were denied initially and on reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.S. Chester on October 21, 2008. (Tr. 24, 38-73.) Plaintiff, who was represented by counsel, and vocational expert K. Diane Kramer (VE) testified. The ALJ denied benefits on December 18, 2008, and the Appeals Council denied review. (Tr. 1-5, 24-37.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 45 years old, unmarried, and without children. She testified she lived alone in a house owned by her parents who were living in Arizona. (Tr. 43-45.) Plaintiff has a high school education and a cosmetology license. She has work experience as a sales clerk, receptionist, real estate clerk, design consultant, and costumer assistant. (Tr. 63, 186.) She testified she lost her last job because she missed work due to her depression that was not responding to treatment. (Tr. 50.) She stated she could no longer sustain work due to depression and back pain. (Tr. 48-49.)

**ADMINISTRATIVE DECISION**

The ALJ determined Plaintiff met the insured status requirements for DIB through September 30, 2002. At step one, he found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 26.) At step two, he found Plaintiff had severe impairments of "major depressive disorder; generalized anxiety disorder with panic attacks; undifferentiated somatoform disorder; personality disorder with borderline, histrionic schizoid and dependent features; and post traumatic coccydynia." (*Id.*) At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 28.) The ALJ summarized medical evidence submitted and Plaintiff's testimony and concluded her subjective

symptom complaints were not credible to the extent they were inconsistent with the residual functional capacity (RFC) findings. (Tr. 31-34.) At step four, the ALJ determined she had the RFC to perform light work with a sit-stand option that required only superficial contact with the general public and limited collaboration with co-workers. (Tr. 31.) Based on this RFC and VE testimony, the ALJ concluded Plaintiff could perform her past work as a sales clerk, receptionist, real estate clerk, and costumer assistant. He concluded Plaintiff was not disabled, as defined by the Social Security Act, at any time from November 20, 2001, through the date of his decision. (Tr. 37.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Although Plaintiff's representative fails to list with specificity under separate heading in her briefing the issues on appeal, it appears Plaintiff argues the ALJ erred in the weight given to treating and examining medical providers in the final RFC determination. ECF No. 16 at 12-23. Defendant argues the ALJ's RFC determination and weight given medical opinions are supported by substantial evidence in the record. ECF No. 21. The issue of new evidence presented to the Appeals Council is also before the court. ECF No. 16 at 21; ECF No. 21 at 17-18.

**DISCUSSION**

**A.    Evaluation of Medical Evidence**

In determining what limitations, if any, prevent a claimant from performing work tasks, the ALJ evaluates the record in its

entirety.  Limitations must be caused by a medically determinable impairment, so the evaluation of medical evidence is a critical factor, although it is not the only factor considered. 20 C.F.R. §§ 1545, 416.945; *SSR* 96-5p.  In evaluating the weight given to medical opinions, the ALJ may reject or discount opinions of acceptable medical sources in the record by articulating "clear and convincing" reasons for rejecting the uncontradicted opinions of treating or examining physicians.  If the opinions are contradicted, the reasons must be "specific" and "legitimate."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Andrews,* 53 F.3d at 1043.  The opinions of non-examining reviewing physicians/psychologists may serve as substantial evidence when supported by and consistent with other evidence in the record.  20 C.F.R. §§ 404.1527(e), 416.927(e); *Andrews,* 53 F.3d at 1041.  A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion.  *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004);  *Lester*, 81 F.3d at 830. Medical opinions based on a claimant's subjective complaints may be rejected where the claimant's credibility has been properly discounted.[1]

---

[1] The ALJ's credibility findings are unchallenged and supported by specific and detailed reasoning.  (Tr. 31-34.)  The ALJ properly gave numerous legally sufficient reasons for discounting the severity alleged by Plaintiff at the hearing and in the record, including inconsistencies between her activities and the degree of disability alleged, the reported effectiveness of medication and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

*Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Further, where an ALJ determines medical source opinions are materially inconsistent with clinic notes, narrative summaries, or objective test results, legitimate grounds exist discounting those opinions. *Tommasetti*, 533 F.3d at 1041.

In addition to licensed medical sources, the ALJ must give "germane," specific reasons for rejecting the opinions of "other medical sources" such as nurse practitioners, mental health therapists and physician assistants regarding how a claimant's impairments limit his or her ability to work.  20 C.F.R. §§ 404.1513(d), 416.913(d); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *SSR* 06-03p.

**1.   John Arnold, Ph.D.**

Plaintiff claims the ALJ erroneously rejected the opinions of her treating psychologist, Dr. Arnold.  The record shows the ALJ accepted Dr. Arnold's diagnoses based on psychological testing, but gave less weight to the functional limitations marked on pre-printed forms.  Specifically, the ALJ found functional limitations assessed were not consistent with Dr. Arnold's narrative reports which include objective testing results showing a questionable validity and an exaggeration of symptoms and an assessment of moderate

---

physical therapy, and a lack of objective medical findings commensurate with the limitations alleged.  *Id.*; *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008)(describing two step analysis of a claimant's credibility).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

difficulties in social and occupational functioning.[2] (Tr. 33, 35, 383.) In addition, he found although Dr. Arnold's diagnoses and report of symptoms remained essentially the same over the years, the limitations on the check box form became more severe without explanation. (Tr. 35.) These reasons for discounting those limitations considered "marked" and "severe" are legitimate and specific.[3]

The ALJ's reasons are amply supported by the record. As noted by the ALJ, objective test results administered by Dr. Arnold were interpreted as indicating exaggeration and embellishment of symptoms, which lead Dr. Arnold, in his narrative, to characterize the personality profile as "questionably valid." (Tr. 33, 382-83.) The ALJ also found that although Plaintiff claimed she attended

---

[2] Because Dr. Arnold's observations and narrative findings of moderate symptoms, the ALJ could logically find the moderate limitations in the form report are consistent with the narrative findings. *Tommasetti*, 533 F.3d 1035, 1040 (2008) (the ALJ is allowed to draw inferences reasonably flowing from the evidence). Further, the court can read from the ALJ's summary of the evidence and draw inferences relative to the psychologist's findings. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

[3] The degree of functional limitation assessed by Dr. Arnold is contradicted by agency psychologist, Dr. Mary Gentile, Ph.D., who reviewed Dr. Arnold's report and test results and concluded Plaintiff was capable of simple work tasks away from the public. (Tr. 312.) The ALJ's rejection of Dr. Arnold's conclusions with specific and legitimate reasons is proper. *Lester*, 81 F.3d at 831.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

counseling with Dr. Arnold two to three times a week, the records show a gap in treatment between 2002 and 2006, and few visits with Dr. Arnold between January 2006 and March 2007. (Tr. 33.) At the hearing, Plaintiff indicated additional records from Dr. Arnold were requested for the file, but it appears no treatment notes from a Dr. Arnold were received by the ALJ for consideration. (Tr. 61.) The ALJ's reasoning for discounting limitations assessed by Dr. Arnold is specific and legitimate and supported by substantial evidence. His findings are therefore conclusive. *Sprague*, 812 F.2d at 1229-1230 (ALJ's conclusion upheld if it is a rational interpretation of conflicting evidence).

**2.   Frank Rosekrans, Ph.D. and Sheri Hoveskeland, MS, CDP**

Plaintiff next argues Dr. Rosekrans' opinions that she was not stable enough to work at the time of the evaluation were not properly rejected and should be credited. ECF No. 16 at 19. Review of the record shows Dr. Rosekrans' associate, Sheri Hoveskeland, interviewed Plaintiff and administered objective psychological tests in February 2005. (Tr. 367-76.) In the accompanying form report, Ms. Hoveskeland found severe functional limitations in Plaintiff's ability to perform routine tasks and care for herself and marked limitations in her ability to respond and tolerate pressures in the work setting. (Tr. 375.) Although Dr. Rosekrans adopted findings in Ms. Hoveskeland's narrative report and co-signed the form report, the findings are treated as those of Ms. Hoveskeland.

Ms. Hoveskeland is not an acceptable medical source under the Commissioner's regulations (Regulations). 20 C.F.R. §§ 404.1513(d), 416.913(d). Although Dr. Rosekrans adopted Ms. Hoveskeland's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

findings, there is no evidence he observed, examined, or treated Plaintiff; therefore, he is not considered an examining psychologist under the Regulations. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1).[4] Further, the record indicates that Dr. Rosekrans' signature on the form report serves as authorization to release the information to the Board of Veteran's Appeals. (Tr. 376.)

As an "other source," Ms. Hoveskeland's observations and opinions regarding how a claimant's impairments affect her ability to work must be considered and can be rejected only with "germane" and "specific" reasons. *Lewis*, 236 F.3d at 511. The ALJ found the marked and severe functional limitations assessed by Ms. Hoveskeland were not consistent with her narrative report or results of objective tests administered. This is a germane, specific, and legitimate reason for giving the severe and marked limitations on the form report little weight. *Lewis*, 236 F.3d at 511; *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *De novo* review shows substantial evidence in the narrative report supports the ALJ's rejection of those limitations. As noted by the ALJ, Ms. Hoveskeland observed moderate symptoms, as measured by the global assessment of

---

[4] Even if the report signed by Ms. Hoveskeland and endorsed Dr. Rosekrans were considered the findings of an "interdisciplinary team," as applied in *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996), 20 C.F.R. §§ 404.1513(a) and 416.913(a) have been amended since the *Gomez* decision, and the Commissioner no longer includes "interdisciplinary team," under the definition of "acceptable medical sources." *See* 20 C.F.R. §§ 404.1513(a)(1-5), 416.913(a)(1-5).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

functioning (GAF) evaluation tool;[5] objective testing revealed exaggeration of symptoms; and Plaintiff reported improvement of depression symptoms with medication. (Tr. 368.) Further, de novo review shows there is nothing to indicate Plaintiff has severe problems attending to personal hygiene. In fact, Plaintiff reported "some difficulty" with household chores and self care due to back pain. (Tr. 368.) These discrepancies between the narrative report and the checked limitations are legitimate reasons to reject the Ms. Hoveskeland's severe and marked limitation. See *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting treating physician's opinion based inconsistency with clinic notes). The ALJ's evaluation of the Hoveskeland/Rosekrans report is without legal error.

### 3.   Jolie Ewart, ARNP

The record shows Ms. Ewart provided ongoing treatment and medication management for Plaintiff at the medical clinic during the period at issue. Her notes document treatment for various medical problems, including back pain and depression. (Tr. 202, 279-96, 315-34, 391-96, 412-19.) Plaintiff argues the ALJ improperly rejected Ms. Ewart's opinion that Plaintiff was limited to sedentary work. ECF No. 16 at 22; *see* Tr. 414. Although Plaintiff refers to Ms. Ewart as a treating source whose opinions should be given more weight than examining physician Robert Rose, M.D., *id*., the record shows Ms. Ewart is a nurse practitioner whose opinions are given

---

[5] The GAF scale is a common tool for tracking and evaluating the overall psychological functioning of a patient and is used to determine an individual's need for treatment. *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

less weight than the opinions of an acceptable medical source; may not establish disability; and may be discounted with specific and germane reasons supported by the record. 29 C.F.R. §§ 404.1513(d), 41.913(d); *SSR* 06-03p.

The ALJ summarized, in detail, records from Ms. Ewart and the examining report and findings from Dr. Rose. (Tr. 34-35.) After specifying several examples of inconsistencies between objective medical evidence and Ms. Ewart's clinic notes and her conclusion that Plaintiff would be limited to sedentary work, the ALJ found her opinions warranted less weight than the professional examining opinions of Dr. Rose. Review of Dr. Rose's August 2008 evaluation shows Dr. Rose conducted an in-depth examination of Plaintiff's back, spine and extremities and found no objective findings or medical source data to establish anatomic abnormalities or support the degree of symptom complaints. (Tr. 398-99.) He also completed a medical source statement opining Plaintiff could lift and carry up to 20 pounds and walk, sit and stand up to six hours in an 8-hour work day. (Tr. 400-401.) Dr. Rose's RFC opinions are supported by his examination report and reflected in the ALJ's final RFC limiting Plaintiff to light work with a sit stand option. (Tr. 31.)

Plaintiff contends it was error to give Ms Ewart's interpretation of the medical evidence less weight than Dr. Rose's opinions because Dr. Rose saw her only one time. ECF No. 16 at 22; ECF No. 22 at 4. However, due to his status as an examining acceptable medical source, the thoroughness with which he evaluated Plaintiff's physical capacity, his review of imaging reports, and other supporting documentation in the record, Dr. Rose's opinions

warrant more weight than those of Ms. Ewart. (Tr. 394, 398-99, 400-08); 20 C.F.R. §§ 404.1527(d)(4),(e), 416.927(d)(4),(e); *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, (acceptable medical source opinion required to refute ALJ's RFC finding); *SSR* 06-03p (entire record considered in evaluating other sources who are not acceptable medical sources). The ALJ's explanation of the weight given to Ms. Ewart's opinions is supported by substantial evidence and without legal error.

**B.   New Evidence**

Plaintiff contends a psychological evaluation completed in April 2009 by examining psychologist Kayleen Islam-Zwart, Ph.D., and submitted to the Appeals Council after the hearing supports a finding of disability. ECF No. 16 at 16. Plaintiff's argument is unpersuasive. New evidence submitted to and evaluated by the Appeals Council in its review of a case is considered part of the record on review. However, the Appeals Council will not consider evidence unless "it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). As clarified in a recent Ninth Circuit case, the Regulations require the Appeals Council to consider evidence submitted after the hearing in determining whether to review the ALJ's decision, "so long as the [new] evidence relates to the period on or before the ALJ's decision." *Brewes v. Commissioner of Social Sec. Admin*, 682 F.3d 1157, 1162 n.3 (9th Cir. 2012) (*quoting* 20 C.F.R. § 404.970(b)). Here, the ALJ rendered his decision on December 18, 2008, and Dr. Islam-Zwart's evaluation is dated April 10, 2009. Therefore, under the Regulations and recent case law, the

1 new evidence relied upon by Plaintiff is neither relevant nor
2 reviewable by the Appeals Council.
3     Even assuming the Appeals Council considered the evaluation in
4 question, and Dr. Islam-Zwart's report is considered a part of the
5 record on review by the court, *see Ramirez v. Shalala*, 8 F.3d 1449,
6 1451-52 (9th Cir. 1993), because the opinions expressed are not
7 relevant to the Plaintiff's condition during period at issue, they
8 could not change the outcome of the proceedings below.  Therefore,
9 remand for review by the ALJ is not required. *Mayes v. Massanari*,
10 276 F.3d 453, 462 (9th Cir. 2001) (remand not required if new
11 evidence would not change hearing decision).

12 **C.   Final RFC Determination**

13     The RFC determination represents the most a claimant can still
14 do despite his or her physical and mental limitations.  20 C.F.R. §§
15 404.1546, 416.945.  The RFC assessment is not a "medical issue"
16 under the Regulations; it is an administrative finding based on all
17 relevant evidence in the record, not just medical evidence. *Id.* No
18 special significance may be given to a medical source opinion on
19 issues reserved to the Commissioner.  20 C.F.R. § 416.927(e).  The
20 final determination regarding a claimant's ability to perform basic
21 work is the sole responsibility of the Commissioner.  20 C.F.R. §
22 416.946; *SSR* 96-5p (final RFC is an issue reserved to the
23 Commissioenr).

24     The ALJ's RFC determination reflects a reasonable
25 interpretation of the medical evidence in its entirety, as well as

26
27
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

Plaintiff's credible testimony.[6] As discussed above, the ALJ's explanation of the weight given the various medical and other source opinions is a rational interpretation of evidence in the entire record. Further, the limitations of light level work with a sit/stand option and superficial and non-collaborative contact with the public and co-workers appropriately address Plaintiff's discounted allegations of problems with anxiety and depression, conditions that have in the past been ameliorated by medication and exercise. (Tr. 31.) The ALJ's RFC is supported by substantial evidence and will not be disturbed by the court.

**CONCLUSION**

The Commissioner's determination of non-disability is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15,** is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20,** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED October 29, 2012.

                    S/ CYNTHIA IMBROGNO
               UNITED STATES MAGISTRATE JUDGE

---

[6] *See supra,* n.2.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15